| | | |
|---|---|---|
| MICHAEL F. SNAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-cv-03171-RK |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 22.) Plaintiff counsel seeks an additional award of $6,000 in attorney fees pursuant to § 406(b) and that he be permitted to retain the $8,000 in prior attorney fees awarded under the Equal Access to Justice Act ("EAJA"), for a total net award of $14,000 in attorney fees for this case. (*Id.* at 3.) The Government neither supports nor opposes Plaintiff counsel's request for attorney fees under § 406(b). (Doc. 23.) After careful consideration and for the reasons explained below, the motion for attorney fees under 42 U.S.C. § 406(b) is **DENIED without prejudice**.

### Discussion

In 2023, Plaintiff counsel began representing Plaintiff before this Court seeking judicial review of an unfavorable decision denying social security benefits by an administrative law judge ("ALJ"). (Doc. 1.) Upon review, the Court affirmed in part and reversed in part the ALJ's decision, and remanded the case to the ALJ on September 10, 2024. (Doc. 17.) At that time, Plaintiff counsel was awarded $8,000 in attorney fees under the EAJA, 28 U.S.C. § 2412. (Doc. 21.)

On remand, the ALJ issued a favorable decision finding Plaintiff disabled as of February 2017. On May 7, 2026, the Commissioner issued a Notice of Award, awarding Plaintiff past-due benefits in the amount of $56,983.65, from which the Social Security Administration ("SSA") withheld $14,245.91 (representing 25% of the past-due benefits awarded) for representative fees. Plaintiff counsel now requests that the Court permit him to retain the $8,000 previously awarded under the EAJA and that the Court award an additional $6,000 in attorney fees under § 406(b), for a total award of attorney fees of $14,000 in this case.

1

The fees counsel may receive in representing a Social Security claimant are limited by statute. When a Social Security claimant receives a favorable judgment before a court, counsel may, pursuant to a contingent fee agreement with claimant, recover "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A contingent fee arrangement in the Social Security context is unenforceable and per se unreasonable if it exceeds 25 percent of the past-due benefits awarded to the claimant. *Id.* When a contingent fee arrangement is enforceable (i.e., it does not provide for counsel to collect a fee more than 25 percent of the total of past-due benefits), the Court must "then test[] it for reasonableness." *Id.* at 808.

> In considering the reasonableness of a valid fee agreement in this context, the district court may consider the hourly rate in determining the reasonableness of a fee award, [but] the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results received, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel.

*Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08).

As the Supreme Court explained in *Gisbrecht*, in performing the "independent [reasonableness] check," courts may "appropriately reduce the attorney's recovery based on the character of the representation and the results the representative achieved" and to avoid a "windfall" where "the benefits are large in comparison to the amount of time counsel spent on the case." 535 U.S. at 807-08 (internal quotation marks omitted). And in determining whether, in a particular case, the attorney fees requested under a contingent fee arrangement are reasonable, the Court may consider the hours of legal work spent representing the claimant and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Id.* at 808.

Here, the contingent-fee agreement provides for attorney fees up to 25 percent of any past-due benefits ultimately awarded to Plaintiff. (Doc. 22-2.) Together with the previously awarded $8,000 in EAJA fees that counsel seeks to retain, the requested award of $6,000 under § 406(b) would result in counsel receiving a net total of $14,000 in attorney fees for representing Plaintiff in this social security case before the Court. This amount is slightly less than twenty-five percent of the past-due benefits awarded to Plaintiff by the ALJ on remand. Neither the contingent-fee

arrangement in this case nor counsel's request for attorney fees under that arrangement appear to exceed the statutory maximum allowed for attorney fees in Social Security cases, and therefore neither the contingent-fee arrangement nor counsel's specific request for a net of $14,000 in attorney fees are per se unreasonable. *See* 42 U.S.C. § 406(b).

Next, the Court must consider whether counsel has satisfied his burden to demonstrate the requested fee award is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."); *id.* at n.17. Counsel's representation in this case ultimately resulted, after remand to the ALJ, in an award of $56,983.67 in past-due benefits in addition to disability benefit payments moving forward. (*See* Doc. 22-1.) On the record before the Court, it does not appear counsel caused any delay in the final adjudication of this matter that would inflate the past-due benefits Plaintiff ultimately received.

When considering whether the benefits achieved are large in comparison to the time expended by counsel, courts in this district have looked to the complexity of the case and the lawyer's legal representation and the effective hourly rate of the requested award to evaluate whether the requested fee is excessive in comparison to the amount of time counsel spent on the case. In doing so, courts compare the effective hourly rate of the requested award reduced by a factor of 2.8 (accounting for both the rate of success of Social Security cases and the nature of contingent-fee arrangements for representation in Social Security cases) with a normal hourly rate counsel might otherwise receive if on a non-contingent basis. *See McCall ex rel McCall v. Saul*, No. 2:17-CV-04005-WJE, 2021 WL 1579915, at *2 (W.D. Mo. April 21, 2021) (collecting cases); *see also Gisbrecht*, 535 U.S. at 808 (noting that in determining reasonableness a court may consider "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (citation omitted).

Here, as noted above, Plaintiff counsel requests a net attorney fee award of $14,000. The Court must determine if this award is reasonable. As discussed above, courts generally consider the time expended by counsel among other factors to determine the reasonableness of an attorney fees award. *See McCall ex rel McCall*, 2021 WL 1579915, at *2; *see also Gisbrecht*, 535 U.S. at 808. Plaintiff counsel has failed to provide documentation identifying the number of hours spent representing Plaintiff before this Court. Without this information, the Court cannot assess whether

3

the requested fee is reasonable or whether it would result in a windfall in relation to the time counsel devoted to the case.

Of further note, Plaintiff counsel requests that he be permitted to retain the previously awarded EAJA fee and that the Court only award the difference between his total amount requested ($14,000) and the EAJA award ($8,000), for an additional award of $6,000. The preferred manner of awarding attorney fees for representation of Social Security claimants is as follows: "Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. Although § 406(b) does not expressly prohibit the net payment method requested by Plaintiff counsel, neither § 406(b) nor the EAJA directs the Court to reduce an otherwise reasonable § 406(b) fee by the amount of a previously awarded EAJA fee. Rather, § 406(b) asks the Court to determine a reasonable fee for counsel's representation before the Court, award the full amount under § 406(b), and direct counsel to refund their client the amount of the lesser EAJA award. *Id.*

Accordingly, "the overwhelming majority of courts to have considered" Plaintiff counsel's requested method "have concluded that it is disfavored" and instead awarded fees pursuant to § 406(b) and required refund of the EAJA fee award. *Miranda T. v. Kijakazi*, No. 22-cv-00708 (JRT/LIB), 2023 WL 7741311, at *3 (D. Minn. Oct. 27, 2023) ("Plaintiff's counsel fails to cite to any binding or persuasive authority from within this District or the Eighth Circuit approving of or even utilizing the 'net' or 'indirect' approach of refunding previously awarded EAJA fees when the Court awards fees under § 406(b). Thus, the Court finds that it is within its discretion to award fees in the usual way—that is, awarding the full fee amount under § 406(b) with instructions for Plaintiff's counsel to refund the smaller, previously awarded EAJA amount to Plaintiff directly." (quotation modified)). Absent controlling authority otherwise, the Court is not inclined to follow the net approach proposed by Plaintiff counsel here but, to the extent Plaintiff counsel files a second motion for attorney fees under § 406(b), the Court will follow the usual course (awarding the full amount of attorney fees under § 406(b) and requiring refund of previously awarded EAJA fees).

[remainder of page intentionally left blank]

4

**Conclusion**

Accordingly, Plaintiff counsel's motion for attorney's fees under § 406(b), (Doc. 22), is **DENIED without prejudice**. Plaintiff counsel may file a second motion, but it must be accompanied by documentation reflecting the hours reasonably expended in representing Plaintiff before this Court.

     **IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED:  July 22, 2026